UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO THOMAS, | : | CIVIL ACTION NO. 3:10-cv-2249 |
| Plaintiff | : | (Judge Nealon) |
| v. | : | |
| DAVID VARANO, ET AL., | : | |
| Defendants | : | |

## ORDER

**AND NOW, THIS 26th DAY OF MARCH, 2012,** for the reasons set forth in the Memorandum of this date, **IT IS HEREBY ORDERED THAT:**

1. Remaining Defendants Prison Health Services (PHS); Rodney Companion, M.D.; Stanley Stanish, M.D.; Miguel Salomon, M.D.; and Physician Assistant (PA) Brian Davis' motion to dismiss the Amended Complaint (Doc. 46) is **GRANTED**;

2. Jurisdiction is declined with respect to any pendent state law claims asserted against the Remaining Defendants;

3. The Clerk of Court is directed to **CLOSE** the case; and

4. Any appeal from this order will be deemed frivolous, not taken in good faith and lacking probable cause.

_____
**United States District Judge**

Once jurisdiction has been exercised over the state claim, elimination of the federal claim does not deprive the court of jurisdiction to adjudicate the pendent claim. Id. (citing Lentino v. Fringe Emp. Plans, Inc., 611 F. 2d 474, 479 (3d Cir. 1979)). However, when the federal claim is dismissed prior to trial, a district court should decline to decide the pendent state claims, "unless considerations of judicial economy, convenience, and fairness provide an affirmative justification for doing so." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995).

As discussed, Plaintiff's federal claims against the Remaining Defendants will not be permitted to proceed. Based upon that determination, jurisdiction will be declined with respect to any pendent state law claims asserted against the Remaining Defendants.

A separate Order will be issued.

Dated: March 26, 2012

United States District Judge