UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| ANTONIO THOMAS, | : | CIVIL ACTION NO. 3:10-CV-2249 |
| --- | --- | --- |
| Plaintiff | : | (Judge Nealon) |
| v. | : | |
| DAVID VARANO, <u>ET</u> <u>AL.</u>, | : | |
| Defendants | : | |

## MEMORANDUM

### Background

On November 1, 2010, Plaintiff, Antonio Thomas, an inmate presently confined at the State Correctional Institution, Coal Township, Pennsylvania, ("SCI-Coal Twp."), filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff subsequently submitted a lengthy amended complaint naming multiple Defendants which centers around diagnostic services and treatment which were provided to him for prostate cancer. (Doc. 33).

This Court granted Defendant Muhammad Ikram M.D.'s unopposed motion to dismiss the amended complaint by Memorandum and Order dated January 3, 2012. (Doc. 69). Dismissal was granted in favor of Defendants Superintendent David Varano; Health Care Administrator Kathryn McCarty; Nurse Supervisors Christopher Yackiel and Mary Hensler; Nurses Melissa

DiRienzo, Ellen Hill, and Sherri Mummy; as well as Correctional Officers Jill Whipple, William Reitz, and James Delbaugh on March 12, 2012. (Docs. 74 and 75).

Defendants Prison Health Services (PHS) and PHS employees; Rodney Companion, M.D.; Stanley Stanish, M.D.; Miguel Salomon, M.D.; and Physician Assistant (PA) Brian Davis' motion to dismiss was granted by Memorandum and Order dated March 26, 2012. (Docs. 76 and 77).

The United States Court of Appeals for the Third Circuit affirmed the dismissal of Plaintiff's action with exception of two (2) claims. See Thomas v. Varano, 532 Fed. Appx. 142 (3d Cir. 2013). The Court of Appeals concluded that only the Eighth Amendment claims against Defendant Health Care Administrator McCarty and Defendant Doctor Stanley Stanish should proceed. See (Doc. 90).

On November 15, 2013, this Court conditionally granted Plaintiff's request for appointment of counsel, pro bono counsel subsequently entered an appearance on behalf of Thomas. Defendant McCarty's motion for summary judgment was recently granted by Memorandum and Order dated February 23, 2015. See Docs. 143 & 144. Presently pending is Remaining Defendant Doctor Stanish's motion for summary judgment. See Doc. 112. The motion, which has been opposed, is ripe for consideration.

By way of background, the amended complaint asserts that Plaintiff was transferred to SCI-Coal Twp. in 2005 accompanied by his medical records from his former place of incarceration. See (Doc. 33). Those records purportedly included detailed information showing that Thomas was diagnosed as having cardiac problems and "blood work results which clearly indicated that plaintiff's prostate specific antigen ("PSA") levels were rising."[1] Doc. 33, ¶ 19. While under the care of SCI-Coal Twp. medical staff other than Doctor Stanish, a PSA test was performed on July 21, 2007. See id. at ¶ 34. On July 26, 2007, the prison's Medical Department was notified that based upon Plaintiff's PSA test results he "most likely had cancer that has spread beyond the prostate." Id. at ¶ 35. According to the Amended Complaint, Thomas was informed of that determination during a September 14, 2007 consultation with Doctor Salomon. A biopsy performed on October 23, 2008. confirmed that Thomas had advanced prostate cancer. See Doc. 33, ¶ 53.

With respect to the Remaining Defendant, it is alleged that Doctor Stanish became involved in Plaintiff's care at SCI-Coal Twp. after he was diagnosed with cancer. It is alleged that during December of 2009, Doctor Stanish falsely

---

[1] The Amended Complaint describes PSA as being a substance made by the prostate gland and PSA testing as being commonly used in the detection of prostate cancer.

accused Thomas of "cheeking his pain pills." Id. at ¶ 82.  Although that accusation was allegedly proven to be meritless via a urine test, Plaintiff claims that Remaining Defendant Stanish prescribed him a weaker pain medication as a punitive measure which exacerbated the prisoner's condition.  The amended complaint elaborates that Doctor Stanish and Thomas did not get along, and there was no valid reason for prescribing a weaker pain medication.

**Standard of Review**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001).  A factual dispute is "material" if it might affect the outcome of the suit under the applicable law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party.  Id. at 248.  The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party.  Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992).  Unsubstantiated arguments made in briefs are not considered

evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**Discussion**

Doctor Stanish argues that he is entitled to entry of summary judgment on the grounds that: (1) Plaintiff failed to properly exhaust his available

administrative remedies; (2) Thomas cannot prove deliberate indifference to a serious medical need; and (3) Plaintiff has failed to establish but for causation sufficient to support a jury verdict. See (Doc. 120, p. 4).

1. **Administrative Exhaustion**

According to Doctor Stanish, "Plaintiff has never filed any grievance against Doctor Stanish relating to the issue that he now asserts." (Doc. 120, p. 7). Doctor Stanish explains that during the relevant time period, Thomas only administratively exhausted a single grievance, No. 248098, which was filed on December 23, 2008, one (1) year before the alleged November 30, 2009 improper reduction in pain medication by Doctor Stanish. (Id. at p. 12). Moreover, the summary judgment argument points out that Grievance No. 248098 contains no mention of Doctor Stanish whatsoever.

Section 1997e(a) of title 42 U.S.C. provides:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Porter v.

Nussle, 122 S.Ct. 983, 992 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). Claims for monetary relief are not excused from the exhaustion requirement. Nyhuis v. Reno, 204 F.3d 65, 74 (3d Cir. 2000). Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action. Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)); Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006).

An inmate is not required to specifically plead or demonstrate exhaustion in his or her complaint. See Jones v. Bock, 549 U.S. 199, 216 (2007); see also Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002)(a prisoner does not have to allege in his complaint that he has exhausted administrative remedies). Rather, pursuant to the standards announced in Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997), it is the burden of a defendant asserting the defense of non-exhaustion to plead and prove it.[2] The United States Supreme Court in Jones noted that the primary purpose of the exhaustion requirement is to allow prison officials to address

---

[2] In Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003), the United States Court of Appeals for the Third Circuit similarly stated that "[f]ailure to exhaust administrative remedies is an affirmative defense for the defendant to plead."

complaints before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record.

The administrative exhaustion mandate also implies a procedural default component. Spruill v. Gillis 372 F.3d 218, 222 (3d Cir. 2004). As explained by the Third Circuit Court of Appeals, a procedural default rule "prevents an end-run around the exhaustion requirement." Spruill, 372 F.3d at 230. It also ensures "prisoner compliance with the specific requirements of the grievance system" and encourages inmates to pursue their administrative grievances "to the fullest." Id. Similarly, the Supreme Court has observed that proper exhaustion of available administrative remedies is mandatory, meaning that prisoners must comply with the grievance system's procedural rules, including time limitations. Woodford v. Ngo, 548 U.S. 81 (2006).

A Consolidated Inmate Grievance Review System has been established by the Pennsylvania Department of Corrections ("DOC").[3] Section V of DC-ADM 804 (effective December 8, 2010) states that "every individual committed to its custody shall have access to a formal procedure through which to seek the resolution of problems or other issues of concern arising during the course of

---

[3] The DOC's grievance system has been periodically amended.

confinement." See (Doc. 29, p. 8). It adds that the formal procedure shall be known as the Inmate Grievance System and provides a forum of review and two (2) avenues of appeal. Section VI ("Procedures") of DC-ADM 804 provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Facility Grievance Coordinator within fifteen (15) working days after the events upon which the claims are based, but allowances of extensions of time will be granted under certain circumstances.

An appeal from the Grievance Coordinator's Initial Review decision may be made in writing within ten (10) working days to the Facility Manager or Superintendent. A final written appeal may be presented within fifteen (15) working days to the Secretary's Office of Inmate Grievances and Appeals (SOIGA). A prisoner, in seeking review through the DOC grievance system, may include reasonable requests for compensation or other legal relief normally available from a court. However, an improperly submitted grievance will not be reviewed.

In support of his non-exhaustion argument, the Remaining Defendant Doctor Stanish subpoenaed all SOIGA appeals filed by Plaintiff between January 1, 2007 to January 2011. See (Doc. 113-4, p. 2). In its response to that request, the DOC informed Doctor Stanish that Plaintiff filed two (2) grievance appeals

9

with SOIGA during the relevant time period, No. 248098 and No. 347886.

Grievance No. 347886 was initially filed on December 20, 2010, regarding an incident which allegedly transpired on December 17, 2010.[4]  It was rejected by SOIGA on March 1, 2011, for failure to provide required documentation.  (Id. at p. 3).  Because this civil rights action was filed on October 25, 2010, Grievance No. 347886, which was initiated after the initiation of this action and concerns an incident which also transpired after this matter was filed, is not relevant to the issue of non-exhaustion of the November 30, 2009 related claim against Doctor Stanish.

Grievance No. 248098 was clearly related to Thomas' health care and was appealed to final administrative review with SOIGA.  However, it was submitted during October, 2008, prior to the November 30, 2009 alleged events claim underlying the claim against Doctor Stanish.  (Id. at p. 21).

Plaintiff, relying on an unpublished decision, Allah v. Blaine, 2005 U.S. App. LEXIS 28317 *4-5 (3d Cir. Dec. 21, 2005) (a defendant must raise a non-jurisdictional defense early in litigation) counters that the Defendant Stanish waived a non-exhaustion defense because it was not asserted in his immediate response to the Amended Complaint.  See (Doc. 131, p. 5).  Thomas also asserts

---

[4] See id. at p. 6.

that his trial testimony "will present facts which, if believed, constitute grounds for any alleged failure to exhaust administrative remedies to be excused." (Id. at p. 8). Plaintiff maintains that hat he can testify that his judgment was clouded due to his poor physical and mental condition which in conjunction with the negative attitudes of prison staff interfered with his ability to file a timely grievance. (Id. at p. 10).

It is noted that Plaintiff's same arguments were addressed and rejected by this Court's February 23, 2015 Memorandum and Order, which considered a similar non-exhaustion argument by Defendant McCarty. (Docs. 143 and 144). As previously stated therein by this Court, the Third Circuit Court of Appeals has clearly stated that "[t]here is no futility exception" to the exhaustion requirement. Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002) (citing Nyhuis, 204 F.3d at 75. In Hill v. Smith, 186 Fed. Appx. 271, 274 (3d Cir. 2006)), the Court of Appeals reiterated its no futility exception by rejecting an inmate's argument that exhaustion should be excused because prisoner grievances were regularly rejected. The Court of Appeals has also rejected "sensitive subject matter or 'fear of retaliation' as a basis for excusing a prisoner's failure to exhaust." Pena-Ruiz v. Solorzano, 281 Fed. Appx. 110, 113 (3d Cir. 2008). Based upon those decisions and the fact that Plaintiff pursued and exhausted an unrelated grievance,

Grievance No. 347886, subsequent to the events underlying his pending claim against Doctor Stanish undermines the argument that his physical and mental condition prevented compliance with the exhaustion requirements as well as his argument that it would have been futile to seek administrative relief.

Plaintiff's <u>Allah</u> based argument that Doctor Stanish waived his non-exhaustion argument by not raising it in an initial response to the amended complaint also lacks persuasion. Once again a similar argument was raised and addressed by this Court's February 23, 2015 Memorandum and Order. (Docs. 143 and 144). As previously noted, <u>Drippe v. Gototweski</u>, 434 Fed. Appx. 79 (3d Cir. 2011), a post <u>Allah</u> decision by the Third Circuit Court of Appeals, held that a failure to file a timely summary judgment motion based upon non-exhaustion of administrative remedies did not constitute a waiver of that defense, but only a waiver of the moving defendant's ability to receive summary adjudication of that defense. This matter does not involve an untimely summary judgment motion. Moreover, <u>Drippre</u> recognized that it is appropriate to raise a non-exhaustion defense in a timely pre-trial motion. Second, resolution of a non-exhaustion defense often involves reliance on facts outside of those asserted in the complaint; thus, a non-exhaustion argument must be pursued via a summary judgment motion as opposed to a motion to dismiss. There was no prior summary judgment motion

filed by Doctor Stanish in this matter. Based upon those considerations and because the undisputed record shows that the surviving federal claim against Remaining Defendant Stanish was administratively unexhausted, entry of summary judgment is appropriate.[5]

### 2. **Pendent Jurisdiction**

Federal courts have jurisdiction over state claims which are related to the federal claims and result from a common nucleus of operative facts. See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); see also Aldinger v. Howard, 427 U.S. 1, 9 (1976). Supplemental jurisdiction may be declined over a claim when the court has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3) (1997). Decisions regarding pendent jurisdiction should be premised on considerations of judicial economy, convenience and fairness to the litigants. New Rock Asset Partners v. Preferred Entity Advancements, 101 F.3d 1492, 1505 (3d Cir. 1996)(citation omitted).

Once jurisdiction has been exercised over the state claim, elimination of the federal claim does not deprive the court of jurisdiction to adjudicate the pendent

---

[5] In light of the Court's determination that the Remaining Defendant is entitled to entry of summary judgment on the basis of non-exhaustion of administrative remedies, the alternative summary judgments arguments raised by Doctor Stanish will not be addressed.

claim.  Id. (citing Lentino v. Fringe Emp. Plans, Inc., 611 F. 2d 474, 479 (3d Cir. 1979)).  However, when the federal claim is dismissed prior to trial, a district court should decline to decide the pendent state claims, "unless considerations of judicial economy, convenience, and fairness provide an affirmative justification for doing so." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995).

In light of this Court's determination that Remaining Defendant Stanish is entitled to entry of summary judgment with respect to Plaintiff's federal claims on the basis of non-exhaustion, jurisdiction will be declined with respect to any pendent state law claims against the Remaining Defendant.

A separate Order will be issued.

Date: March 10, 2015

/s/ **William J. Nealon**
**United States District Judge**